O

# United States District Court
# Central District of California

| | |
|---|---|
| ERIC WASHINGTON,<br><br>    Plaintiff,<br><br>    v.<br><br>SIX CONTINENTS HOTELS, INC.,<br><br>    Defendant. | Case № 2:16-cv-03719-ODW(JEMx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY [15]** |

## I. INTRODUCTION

This action is brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Defendant Six Continents Hotels, Inc. sent Plaintiff Eric Washington automated text messages purporting to confirm a hotel reservation that he had made. (*See* Compl. ¶¶ 15–24, ECF No. 1.) Plaintiff, however, never made any such reservations; the text messages were test confirmations that Defendant inadvertently sent to Plaintiff's cellphone while training its new employees. (Glover Decl. ¶¶ 3, 4, ECF No. 15-2.) Defendant contends that there is no liability because the system it used to send the text messages was not an "automatic telephone dialing system." 47 U.S.C. § 227(a)(1). Defendant now moves to stay the action pending the outcome of an appeal from a recent order issued by the Federal Communications Commission regarding the definition of an automatic telephone dialing system. *See*

*ACA Int'l v. Fed. Commc'ns Comm'n*, No. 15-1211 (D.C. Cir. 2015). For the reasons discussed below, the Court **GRANTS** the Motion. (ECF No. 15.)[1]

## II. BACKGROUND

The TCPA imposes liability for text messages sent using an "automatic telephone dialing system" ("ATDS"). 47 U.S.C. § 227(b)(1)(A)(iii); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 953 (9th Cir. 2009) (a text message constitutes a "call" under the TCPA). The TCPA defines an ATDS as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). The FCC—which has the authority to "prescribe regulations to implement the requirements" of the TCPA, *id.* §227(a)(2)—has liberally construed the first requirement. In 2003, the FCC determined that equipment constitutes an ATDS if it simply has the "capacity" to generate numbers and dial them without human intervention, regardless whether the numbers called were actually randomly or sequentially generated. *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14,014, 14,092 ¶ 133 (2003); *see also In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 15,391, 15,392 n.5 (2012). In 2015, the FCC further clarified that the equipment need not have the "present capacity" to generate or dial random or sequential numbers; it need only have the "potential" ability to do so. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7,961, 7,974 ¶ 16 (2015). Several petitioners appealed the FCC's 2015 Order to the United States Court of Appeals for the District of Columbia Circuit, arguing in part that the FCC's "potential ability" test was overbroad and unmoored from the statutory text. *See* Pet'rs' Opening Br. at 4, *ACA Int'l v. Fed. Commc'ns Comm'n*, No. 15-1211 (D.C. Cir. Feb. 24, 2016). On October 19, 2016, the D.C. Circuit heard oral

---

[1] After considering the papers filed in connection with this Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

argument. *See Oral Argument Calendar*, United States Court of Appeals for the District of Columbia Circuit (last visited Jan. 6, 2017), https://www.cadc.uscourts.gov/internet/sixtyday.nsf/fullcalendar?OpenView&count=1000. As of the date of this order, the appeal remains under submission. Defendant argues that its equipment lacks the "capacity" to generate random or sequential numbers, and has thus moved to stay the case pending a ruling from the D.C. Circuit on the validity of the FCC's "potential ability" test. (ECF No. 20.) Defendant's Motion is now before the Court for decision.

### III. LEGAL STANDARD

The district court has "the power to stay proceedings . . . to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 29 U.S. 248, 254 (1936). This includes the discretion to stay a case "pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Id.* at 864. "In order to determine whether a *Landis* stay should be implemented, courts consider: (1) 'the possible damage which may result from the granting of a stay,' (2) 'the hardship or inequity which a party may suffer in being required to go forward,' and (3) 'the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'" *Pamintuan v. Bristol-Myers Squibb Co.*, No. 16-CV-00254-HSG, 2016 WL 4319844, at *1 (N.D. Cal. July 14, 2016) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

### IV. DISCUSSION

**A. Orderly Course of Justice**

The Court concludes that the proposed stay would enhance the "orderly course

of justice." Defendant contends that the system it uses to send text messages is not an ATDS in part because its equipment does not have the capacity to generate or dial random or sequential numbers. (Mot. at 9 ("Six Continents does not use equipment that has the capacity to dial numbers randomly or sequentially."); Reeves Decl. ¶ 5 (noting that Defendant's system "cannot initiate a reservation confirmation text message without an underlying reservation being created [by the customer].").) Thus, whether Plaintiff must prove the lack of *current* capacity or the lack of *potential* capacity to generate or dial such numbers is critical to the outcome of this case—and is the precise issue that the D.C. Circuit is now deciding. In addition, the Court notes that only a circuit court may invalidate FCC interpretations, and that such invalidation must be on direct review from the FCC's final order. *See* 28 U.S.C. § 2342(1); 47 U.S.C. § 402(a); *US W. Commc'ns, Inc. v. Hamilton*, 224 F.3d 1049, 1054 (9th Cir. 2000). Accordingly, district courts lack jurisdiction to ignore or invalidate FCC rulings interpreting the TCPA. *Luna v. Shac, LLC*, 122 F. Supp. 3d 936, 939 (N.D. Cal. 2015). The D.C. Circuit's ruling will therefore be determinative of the law that this Court must apply to this issue. This factor thus clearly weighs in favor of a stay.

**B.     Damage and Hardship**

The Court finds that these two factors also favor a stay. Oral argument on the appeal occurred over two months ago, and thus the stay is unlikely to exceed four to six months from today's date.[2] Plaintiff does not argue that it would suffer prejudice from such a stay, and the Court does not see any. Conversely, if the Court denies the stay and requires the parties to go forward with this action, they will be forced to spend time and money conducting discovery on a critical issue of liability without knowing what law will ultimately apply at summary judgment or at trial—a fool's

---

[2] However, if the losing party in the appeal successfully petitions for panel rehearing, rehearing en banc, or for a writ of certiorari, the Court is willing to reevaluate whether continuation of the stay is warranted. *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) ("[S]tays should not be indefinite in nature.").

errand, to say the least.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant's Motion to Stay. (ECF No. 15.) The Court **STAYS** this matter until the D.C. Circuit panel issues its opinion in *ACA International*. The Court shall also defer ruling on Defendant's pending Motion to Dismiss until that time. Within one week after the D.C. Circuit issues its opinion in that case, the parties should submit a joint report regarding whether the Court should lift the stay, and if so, whether they wish to submit additional briefing on Defendant's Motion to Dismiss.

**IT IS SO ORDERED.**

January 9, 2017

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**